IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jesse Daniel Brown, | ) C/A No.: 9:14-2336-RMG-WWD |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Hannah R. Wimberly, a/k/a Hannah Wimberly, a/k/a Wimberly, *sued in her individual capacity while acting under the color of state law*; J. Conley a/k/a Conley, *sued in his individual capacity while acting under the color of state law*; and W.P. Murphy, *sued in his individual capacity while acting under the color of state law*, | ) for Partial Summary Dismissal |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Jesse Daniel Brown ("Plaintiff" or "Brown"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. (See Dkt. No. 11; Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. For the reasons that follow, the undersigned recommends that the District Judge dismiss Defendant W.P. Murphy without prejudice and without issuance and service of process. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams,

490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff, who is currently incarcerated at the Beaufort County Detention Center, filed the instant action pursuant to 42 U.S.C. § 1983.[1] Many of Plaintiff's allegations pertain to Defendants Wimberly and Conley. Plaintiff's claims against these two Defendants arise out of some traffic tickets Plaintiff received. Plaintiff alleges that on October 15, 2012, Defendant Conley arrested Plaintiff on traffic ticket F591443 ("traffic/hit and run, att. of vehicle, duties of driver involved in accident, property damage"). (Dkt. No. 1 at 9-10 of 38.) Plaintiff also alleges that on November 15, 2012, he received traffic ticket F594886 (which was dated October 15, 2012), from Defendant Wimberly; this ticket charged Plaintiff with "driving left of center." (Id. at 10.) According to Plaintiff, one ticket (F594886) was stamped 2:20 AM, and the other (F591443) was stamped 2:22 AM, despite the fact that "the distance between the two points was 9.3 miles (a driving distance of 21 minutes) according to Google maps." (Id. at 11-12 of 38.) Plaintiff maintained that he was not guilty of these charges, as his vehicle had been stolen; Plaintiff alleges the officers came to his house after he called 911 to report the vehicle stolen. (Dkt. No. 1 at 9-20 of 38.) According to Plaintiff, Conley arrived and asked Plaintiff "why the clerk of some store thought she had seen Plaintiff"; Plaintiff stated that he did not know. (Dkt. No. 1 at 9-10 of 38.) Plaintiff alleges, "Conley said he had heard enough and arrested Plaintiff . . . on a charge of 'leaving the scene,' written on . . . . ticket #F591443." (Id. at 10.)

Plaintiff also complains about two accident reports filed by Defendant Wimberly that allegedly have caused him great difficulty with the South Carolina Department of Motor

---

[1] Although Plaintiff is currently detained, it does not appear that the instant case arises out of that detention.

3

Vehicles ("DMV"). (See Dkt. No. 1 at 19-20 of 38.) Plaintiff alleges that in January or February of 2013, he received a notice from the DMV stating that if he did not send a copy of his proof of insurance for the vehicle involved in the accident of October 15, 2012, the DMV would suspend all of Plaintiff's licenses and registrations for South Carolina since the DMV had received information (from the two accident reports Wimberly filed) that Plaintiff was the driver of Plaintiff's vehicle during the time of the accident. (Id. at 21 of 38.) Plaintiff states, "The DMV said that if Plaintiff could provide the DMV with a copy of the stolen vehicle report and fix the accident reports, the DMV would be able to reinstate Plaintiff's license." (Id. at 22 of 38.) It is not clear whether Plaintiff has been able to obtain corrected accident reports.

Plaintiff's allegations against Wimberly and Conley are not at issue in the instant Report and Recommendation; the allegations are discussed simply to provide some background as to Plaintiff's allegations against Defendant Murphy. Plaintiff alleges that Defendant Murphy arrested Plaintiff on September 12, 2013, and that Plaintiff was released on bail on January 7, 2014. (Dkt. No. 1 at 28 of 38.) Plaintiff alleges that he explained the "entire situation" to Murphy "over the three times W.P. Murphy transported [Plaintiff] to court." (Id.) Plaintiff states,

> The adjudicating Judge during the December pretrial hearing looked at the paperwork and decreed that unless Officer W.P. Murphy could come up with paperwork showing that Plaintiff's license had been suspended from an incident that did not derive from 10-15-2012, the Judge would dismiss the charges against the Plaintiff. The Judge gave the Officer W.P. Murphy 30 days to comply.

(Id. at 29 of 38.) Presumably, then, Plaintiff's complaint against Murphy arises out of Plaintiff's charge for Driving Under Suspension ("DUS"). Plaintiff also alleges that Murphy

4

would not allow Plaintiff to file a police report regarding the stolen vehicle, though he does allege he met with a different officer a few days later and was able to file the report. (Dkt. No. 1 at 32-34 of 38.)

To the extent Plaintiff complains that Defendant Murphy refused to file a police report, such an allegation does not state a claim. See Jarrett v. Twp. of Bensalem, 312 F. App'x 505, 507 (3d Cir. 2009) (finding no constitutional right to correct a police report); Smith v. Patri, 99 F. App'x 497, 498 (5th Cir. 2004) ("[T]here is no right to a completely accurate police report."); Landrigan v. City of Warwick, 628 F.2d 736, 745 (1st Cir. 1980) ("[T]he mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983."); Abella v. Simon, 831 F. Supp. 2d 1316, 1341 (S.D. Fla. 2011) ("[T]here is no right to have the police write a police report."), *vacated in part on other grounds*, 482 F. App'x 522 (11th Cir. 2012); Harris v. Hardeman County, Civ. A. No. 13-1100-JDT-egb, 2013 WL 5740067, at *5 (W.D. Tenn. Oct. 22, 2013) ("[T]he Constitution is not violated by a police officer's failure to make a report . . . .").

To the extent Plaintiff claims that Murphy's arrest of Plaintiff violated Plaintiff's constitutional rights, such a claim is rooted in the Fourth Amendment. See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (to state a § 1983 claim for malicious prosecution, "we have required that the defendant have seized plaintiff pursuant to legal process that was not supported by probable cause and that the criminal proceedings have terminated in plaintiff's favor" (internal quotation marks and citation omitted)); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth

Amendment"); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment). According to the Beaufort County Fourteenth Judicial Circuit Public Index, Plaintiff was indicted for "driving under suspension, license not suspended for DUI-1st offense" (indictment number 2014GS0700450) on May 1, 2014, and it appears that charge is still pending.[2] Because Plaintiff was indicted for driving under suspension, Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution against Defendant Murphy fail. See Provet v. South Carolina, No. 6:07-1094-GRAWMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."); see also Ex parte United States, 287 U.S. 241, 250 (1932); United States v. Soriano-Jarquin, 492 F.3d 495, 502 (4th Cir. 2007) (noting probable cause may be satisfied by a grand jury indictment); United States ex rel. Haim v. Mathues, 19 F.2d 22, 23 (3d Cir. 1927) ("The indictment is itself evidence that there was probable cause . . . ."); White v. Coleman, 277 F. Supp. 292, 297 (D.S.C. 1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist . . . and infers prima facie probable cause for the prosecution . . . ." (citation omitted)). Plaintiff's claims against Murphy should therefore be dismissed.

---

[2] The Beaufort County Fourteenth Judicial Circuit Public Index is available online at http://publicindex.sccourts.org/Beaufort/PublicIndex/PISearch.aspx (last visited Aug. 28, 2014). See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice . . . is in noticing the content of court records.'"); Tisdale v. S.C. Highway Patrol, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); Williams v. Long, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant W.P. Murphy be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 2, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).