IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jesse Daniel Brown, <br><br> Plaintiff, <br><br> vs. <br><br> Hannah R. Wimberly, a/k/a Hannah Wimberly, a/k/a Wimberly, *sued in her individual capacity while acting under the color of state law*; J. Conley a/k/a Conley, *sued in his individual capacity while acting under the color of state law*; and W.P. Murphy, *sued in his individual capacity while acting under the color of state law*, <br><br> Defendants. | No. 9:14-cv-2336-RMG <br><br> **ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 17), recommending that the court dismiss the claims against Defendant W.P. Murphy without prejudice and without issuance or service of process. Plaintiff filed timely objections. (Dkt. No. 20). For the reasons stated below, the Court ADOPTS the R & R and DISMISSES these claims without prejudice.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those

1

portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

Plaintiff is a detainee at the Beaufort County Detention Center.[1] Plaintiff alleges that Defendant Murphy arrested Plaintiff for Driving Under Suspension but that his license suspension was invalid. (Dkt. No. 1 at 21, 28-29). Specifically, Plaintiff alleges that his license suspension resulted from false accident reports. (*Id.* at 21). Plaintiff alleges that the accident reports in question falsely stated Plaintiff was the driver of Plaintiff's vehicle at the time of the accident. (*Id.*) Plaintiff alleges that he was not in possession of the vehicle at the time of the accident, as the vehicle had been stolen from Plaintiff before the accident occurred. (*Id.*) Plaintiff further alleges that Defendant Murphy would not allow Plaintiff to file a police report regarding the stolen vehicle, thereby depriving him of the opportunity to properly defend his arrest. (*Id.* at 32-34).

The Magistrate Judge found (1) that Plaintiff's allegations as to Defendant Murphy's refusal to file a police report do not state a constitutional claim and (2) that Defendant Murphy's arrest of Plaintiff did not violate Plaintiff's constitutional rights under the Fourth Amendment because the grand jury indictment evidenced probable cause for the arrest. (Dkt. No. 17 at 5-6). Thus, the Magistrate Judge recommended dismissal of the claims against Defendant Murphy. (*Id.* at 6). Plaintiff only specifically objects to the Magistrate Judge's finding that Defendant Murphy's arrest was constitutional. (Dkt. No. 20 at 1). Plaintiff appears to assert he does not contest his arrest, rather, he contests that there was "probable cause to detain the Plaintiff at all."

---

[1] Although Plaintiff is currently detained, it does not appear that the instant case arises out of that detention.

3

(*Id.*) However, the court finds no distinction between Plaintiff's arrest and Plaintiff's detainment by Defendant Murphy for purposes of the Magistrate Judge's analysis.

The Court agrees that Plaintiff fails to state a claim when he alleges Defendant Murphy refused to file a police report. *See Royster v. Schluderberg*, 2013 WL 781599, at *2. (D. Md. Feb. 28, 2013) ("[T]here is no clearly established constitutional right to have accurate police reports."); *Abdella v. Simon*, 831 F. Supp. 2d 1316, 1341 (S.D. Fla. 2011) ("[T]here is no right to have the police write a police report."), *vacated in part on other grounds,* 482 F. App'x 522 (11th Cir. 2012).

The Court also agrees that Defendant Murphy's detainment and arrest of Plaintiff was constitutional under the Fourth Amendment. *See Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). Plaintiff's indictment for Driving Under Suspension evidences that Defendant Murphy had probable cause both for the detainment and arrest of Plaintiff. *See Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.") (citing cases). Therefore, summary dismissal is appropriate.

### III. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 17) and **DISMISSES** the claims against Defendant Murphy without prejudice and without issuance of service.

**IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Judge

October 2, 2014
Charleston, South Carolina

5