IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse Daniel Brown, ) | |
| ) | No. 9:14-cv-2336-RMG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Hannah R. Wimberly, a/k/a Hannah ) | |
| Wimberly a/k/a Wimberly, sued in her ) | |
| individual capacity while acting under ) | |
| color of state law; and J. Conley a/k/a ) | |
| Conley, sued in his individual capacity ) | **ORDER** |
| while acting under color of state law, ) | |
| ) | |
| Defendants. ) | |

This *pro se* action comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 39), recommending that the Court grant Defendants' motion for summary judgment on Plaintiff's federal claims on the ground of qualified immunity, decline supplemental jurisdiction over any potential state claims pursuant to 28 U.S.C. § 1367(c), and dismiss this action. (Dkt. No. 39). The parties were advised of their right to file written objections to the R & R within 14 days of service of the R & R, and a failure to timely file written objections could result in limited review by the District Court and a waiver of the right to appeal the judgment of the District Court. (*Id.* at 13). No written objections were filed to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

The Court has reviewed the R & R, the record evidence and the applicable law. The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Defendants are entitled to summary judgment as a matter of law on Plaintiff's federal claims on qualified immunity grounds. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 33), **DISMISSES** Plaintiff's federal claims with prejudice, and **DECLINES** to exercise supplemental jurisdiction over any potential state law claims pursuant to 28 U.S.C. § 1367(c). This action is, therefore, dismissed.

**AND IT IS SO ORDERED.**

                                                                     _____
Richard Mark Gergel
United States District Judge

August 3, 2015
Charleston, South Carolina